Nathaniel WOODS, Jr., Plaintiff—
Appellant,

v.

BAYER HEALTHCARE, Defendant—
Appellee.

No. 06–16529.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed June 2, 2008.

Charles Stephen Ralston, Esq., East Chatham, NY, Howard Moore, Jr., Esq., Moore & Moore, Oakland, CA, for Plaintiff–Appellant.

James T. Conley, Charles M. Louderback, Esq., The Louderback Law Firm, Stephen K. Robinson, Jerome Schreibstein, Esq., Payne & Fears, LLP, San Francisco, CA, for Defendant–Appellee.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

This is an employment discrimination case. Nathaniel Woods, Jr. worked for Bayer Healthcare, and Woods contends he was not given opportunities to advance because of his race. Woods claims he suffered from race discrimination, retaliation, a hostile work environment, and constructive discharge. Bayer moved for summary judgment on all claims. The

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court granted Bayer's motion for summary judgment, and Woods appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

We review a grant or denial of a motion for summary judgment *de novo. Welles v. Turner Entm't Co.,* 503 F.3d 728, 733 (9th Cir.2007). We view the case in the light most favorable to Woods and consider whether there are any genuine issues of material fact and whether Bayer was entitled to judgment as a matter of law. *See id.*; Fed.R.Civ.P. 56(c).

To avoid summary judgment, Woods needs to show that (i) he belonged to a racial minority; (ii) he requested and was qualified for training and advancement; (iii) despite his qualifications, he was denied training and advancement; and (iv) after this denial, Bayer continued to train and advance applicants from persons with Woods' qualifications. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

If Woods establishes a prima facie case, the burden shifts to Bayer to "articulate some legitimate, nondiscriminatory reason" for Woods' treatment. *Id.* at 802, 93 S.Ct. 1817. If Bayer articulates some legitimate nondiscriminatory reason, the burden shifts back to Woods to show the reason is a pretext for discrimination. *Id.* at 804, 93 S.Ct. 1817.

Here, the district court concluded Woods failed to establish a prima facie case. The district court alternatively concluded that even if Woods had established a prima facie case, Bayer offered legitimate nondiscriminatory reasons for any adverse employment action, and Woods failed to show these reasons were a pretext for discrimination.

We agree that Bayer offered legitimate nondiscriminatory reasons for its treatment of Woods and we further agree that Woods failed to show these reasons were a pretext for racial discrimination. *See id.*

at 802–04, 93 S.Ct. 1817. Accordingly, we conclude the district court properly granted Bayer's motion for summary judgment on this claim. Because there was no genuine issue of fact as to whether Bayer had a legitimate nondiscriminatory and nonpretextual reason for its treatment of Bayer, we need not reach the question of whether Woods established a prima facie case.

The district court also granted Bayer's motion for summary judgment with respect to Woods' retaliation claim. To make out claim for retaliation, Woods must show, "by a preponderance of the evidence, (1) involvement in protected activity opposing an unlawful employment practice, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action." *Freitag v. Ayers,* 468 F.3d 528, 541 (9th Cir.2006).

■ We conclude Woods failed to show Bayer's accommodation of Woods' request to return to work under a different supervisor and department constitutes an adverse employment action. *See id.*; *McAlindin v. County of San Diego,* 192 F.3d 1226, 1238–39 (9th Cir.1999). We further conclude that Woods' claim that he was subjected to continued denial of training and advancement because of his protected statements to his supervisors fails to make out a retaliation claim because there is a lack of causation. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002). The alleged lack of training and advancement preceded the protected statements. Accordingly, we affirm the district court's decision to grant summary judgment in favor of Bayer on the retaliation claim.

The district court also granted summary judgment in favor of Bayer on Woods' claim that he was subject to harassment that resulted in a hostile work environment. "To prevail on a hostile workplace claim premised on either race or sex, a

plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2003).

We conclude Woods' supervisor's comments about drugs and AM/FM radios were not overtly racial, nor were they sufficiently severe or pervasive to alter Woods' employment and create an abusive work environment. *See id.* at 642–43. The stray comments and alleged lack of training opportunities cannot support a hostile work environment claim. *See id.* Accordingly, we affirm the district court's grant of summary judgment in favor of Bayer on Woods' harassment/hostile work environment claim.

Finally, the district court granted summary judgment in favor of Bayer on Woods' constructive discharge claim. Woods mentions constructive discharge once in a heading of his opening brief and offers no additional argument. We only review issues that are argued specifically and distinctly in a party's opening brief. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997). Accordingly, we conclude Woods abandoned this issue on appeal, and we do not consider it. *See id.*

For the reasons stated above, we affirm the district court on all challenged grounds.

**AFFIRMED.**